IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARGIE FLORENCE BARROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:11CV7-MEF-CSC |
| | ) | |
| MR. PATEL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 4, 2011, the pro se plaintiff, Margie Florence Barrow ("Barrow"), filed this action against Beeline[1] and Mr. Patel. (Doc. No. 1.) Barrow asserts that the defendants acted negligently by failing to maintain a cement surface outside the gas station near the gas pumps. Upon consideration of the pleadings, documents and evidentiary materials in this case, the court concludes that this case should be dismissed for want of jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete

---

[1] In her pro se complaint, Ms. Barrow describes Beeline as a "convenient" store.

controversy upon which its constitutional grant of authority is based. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990).

FED R. CIV. P. 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based. This obligation on the court to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

Barrow complains that Mr. Patel and Beeline acted negligently by failing to properly maintain a cemented area near gas pumps at the store. Specifically, Barrow alleges that she slipped on an uneven cement floor and fell on the nozzles and "long and very hard stands" attached to the gas pumps, causing her to suffer injuries to her head, nose, throat, shoulders, ankles, feet, and toes. (Doc. No. 1, p. 1.) In addition, Barrow alleges that exposure to chemicals and gas fumes from the pumps caused her to suffer injuries to her eyes, face, neck, head, knees, toes, toenails, and other body parts, as well as allergies, skin problems, and "other chemical problems." (*Id.*, p. 2.)

Barrow's complaint against the defendants sounds in negligence. Barrow's

negligence claim arises only under state law; therefore, her claim against the defendants does not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 332-34 (1986); *Harris v. Birmingham Board of Education*, 817 F.2d 1525 (11th Cir. 1987). A review of the complaint demonstrates that the plaintiff does not assert any viable federal or constitutional claims.[2] Thus, the court does not have federal question jurisdiction over this matter. *See* 28 U.S.C. § 1331.

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant.

---

[2] In her response, the plaintiff asserts that this court has jurisdiction over this case because the defendants violated the Rehabilitation Act and engaged in discrimination against her. The Americans with Disabilities Act and Rehabilitation Act claims may not be brought against individual defendants. *See Pritchard v. Southern Co. Servs.*, 102 F.3d 1118, 1119 (11th Cir. 1996) (affirming dismissal of all ADA and Rehabilitation Act claims against individual defendants because the "[p]laintiff's remedy for any discrimination she may have suffered on account of her disability lies against her employer, not individual officers of her employer"); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (Individuals are not liable under the ADA). *See also Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir. 1995) (Individuals "cannot be held liable under the ADEA or Title VII."). Moreover, the plaintiff's assertions in her response are not supported by the facts as alleged in her complaint. Barrow simply does not assert a plausible federal claim, and her "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009). In light of the foregoing, the court concludes that Barrow fails to state a claim upon which relief can be granted with respect to these claims.

*See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).  The complaint indicates that all of the parties in this case are citizens of the State of Alabama.  Therefore, there is no basis for diversity jurisdiction.  *See* 28 U.S.C. § 1332.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

1. The plaintiff's state law claims be dismissed without prejudice.

2. This case be DISMISSED pursuant to FED R. CIV. P. 12(b)(1) and 12(h)(3).

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before February 15, 2011.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of February, 2011.

                                           /s/Charles S. Coody
                                           CHARLES S. COODY
                                           UNITED STATES MAGISTRATE JUDGE